Angle, J.
The question on this demurrer is whether condonation of adultery by subsequent cohabitation with knowledge bars an after-brought action for divorce predicated on such adultery, where the condonation is upon the promise by the guilty party (the husband) that he would in all things thereafter treat his wife kindly and in a proper manner, and would be in all things a good and affectionate husband to her, and which promise he has violated.
The Code of Civil Procedure (sec. 1758) declares that the plaintiff is not entitled to a divorce, although the adultery be established, where the offense charged has been forgiven by the plaintiff, and that the forgiveness may be proved, either affirmatively or by voluntary cohabitation of the parties with knowledge of the fact. The language of the Revised Statutes (2 R. S., 145, sec. 145, sub. 2) is that the court may deny a divorce in such case. Counsel have cited and exam *527 ined many authorities as to whether condonation, evidenced by cohabitation with knowledge, is, by legal inference, conditioned upon subsequent kind and proper treatment. The argument in favor of such an implied condition is stated by chief justice Savage in Johnson agt. Johnson (14 Wend., 642, 643, 644), while the argument opposed is set forth in the opinion of senator Tract in the same case (pages 646, 647). A majority of the court of errors agreed with the chief justice. This case of Johnson agt. Johnson has been subject to some criticism, the above question having been decided by but one majority for the reversal of the decision of the chancellor, but it is' a binding authority, I think. The case of King agt. Baldwin (17 Johns., 384) was also a case where the decision of the chancellor had been reversed by a majority of one. Afterwards there were dicta condemning the rule in King agt. Baldwin, and the question of its authority came before the court of appeals in Remsen agt. Beekman (25 N. Y., 552), and the two judges (Wright and Gould) writing opinions (pages 556, 561) regard King agt. Baldwin as authority settling the rule involved in the case.
The present case however involves another question than Johnson agt. Johnson. There the question was whether the law raised a certain implication; here the complaint avers the existence of the fact which was in Johnson agt. Johnson sought to be implied, viz., that the husband, actually promised the wife, as part of the agreement, that he would thereafter treat her kindly and in a proper manner. The law is lenient towards the wife in regard to condonation by cohabitation (Harnett agt. Harnett, 55 Iowa, 48).
My conclusion is that the violation by the defendant of the conditions of the condonation revives the wife’s right of action for his previous adultery, or rather that the alleged condonation is not a bar to such action.
Judgment ordered for plaintiff on demurrer to complaint, with leave to defendant to answer on payment of costs of demurrer.